

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,731-01

### EX PARTE MICHAEL ANTHONY-BARRY JORDAN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 32285A-86 IN THE 86TH DISTRICT COURT
### FROM KAUFMAN COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance and sentenced to twenty-five years' imprisonment. The Fifth Court of Appeals dismissed Applicant's appeal in *Jordan v. State*, No. 05-14-00232-CR (Tex. App.–Dallas Aug. 4, 2014)(not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance because counsel threatened Applicant with a life sentence if he refused to accept the State's twenty-five year offer; promised Applicant that, if he plead guilty, Applicant would receive SAFP and ten years probation;

failed to object to an illegal sentence; and, failed to object to the destruction of evidence. Applicant also alleges his sentence is outside the range of punishment for a second degree felony.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make findings of fact as to Applicant's claim that his sentence is illegal and as to whether Applicant accepted a plea bargain for a punishment outside the proper range of punishment for his offense. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order.  Any extensions of time shall

be obtained from this Court.

Filed: March 4, 2015
Do not publish